**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Robert BUTLER, Appellee.**

No. 13–95–577–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 16, 1997.

Charles R. Maddox, Asst. General Counsel, Texas Dept. of Public Safety, John C. West, Jr., Chief, Legal Services Div., Dept. of Public Safety, John Frank Davis, Asst. Attorney General, Austin, for appellant.

David M. Jordan, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

The Texas Department of Public Safety appeals from an order expunging the arrest record of Robert Butler. The Department raises five points of error. We reverse and render.

Butler was arrested on June 4, 1990, by police officers in the City of Corpus Christi for third degree felony theft. He alleged in his petition for expunction, filed in the 94th District Court in Nueces County, that he had been tried and acquitted of the offense. He asked that his arrest records be expunged from the files of the Department, as well as from other law enforcement agencies in this State. The Texas Department of Public Safety was specifically named as an agency that should be served with notice of the petition.

A statement of facts from the hearing on September 22, 1995, reveals that an assistant Nueces County District Attorney appeared on behalf of the State and announced ready. Butler asked the trial court to take judicial notice of the file in the criminal case, No. 90–CR–1971–H, which the trial court indicated that it would. The attorneys' representations at the hearing and the criminal file indicate that Butler had been indicted for stealing a jet ski, pleaded guilty, and in January of 1991 was placed on deferred adjudication probation for a term of three years. The terms of probation included, among other things, monthly reports to a probation officer, 600 hours of community service, and attendance at rehabilitation classes. However, by order entered on May 13, 1992, that court discharged Butler from probation, and dismissed the criminal proceeding, because of the successful completion of a sufficient term of probation. No further testimony or evidence was received. The district attorney argued that Butler was not entitled to expunction under the relevant statute [1], but the trial court indicated that it believed expunction to be appropriate under the circumstances.

By order signed on September 28, 1995, the trial court expunged Butler's arrest rec-

1. Tex.Code Crim.Proc.Ann. art. 55.01 *et seq.*

ord. The Department then filed on October 19, 1995, a request for findings of fact and conclusions of law, which the record shows to have been timely mailed as of October 18, 1995. *See* Tex.R.Civ.P. 296, 21a. The trial court denied the request by a written and signed "response" which stated that the Department had been given notice of the petition and hearing, but had failed to respond or appear at the hearing, and thus is not a party to the present proceeding. On November 28, 1995, the Department filed its notice of appeal from the expunction order.

■ Before addressing the Department's points of error, we address Butler's complaint that, because the Department failed to answer the notice of expunction or attend the hearing through its counsel, it had no standing to request findings and conclusions or to prosecute the present appeal.

The Texas Department of Public Safety has been established by statute as an agency of this State. Tex. Gov't Code Ann. § 411.002(a) (Vernon 1990). With regard to civil lawsuits generally, an agency of the state is generally treated as the equivalent of the State itself. *See Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976).

The Texas Constitution specifically grants to county and district attorneys the right to represent the State in all cases in the district and inferior courts in their respective counties. Tex. Const. Art. V, § 21; *see State Bd. of Dental Examiners v. Bickham*, 203 S.W.2d 563, 566 (Tex.Civ.App.—Dallas 1947, no writ). In particular, the district attorney represents the State in all criminal cases in the district courts of his district. Tex.Code Crim.Proc.Ann. art. 2.01 (Vernon Supp.1997). However, the district attorney's role is not necessarily limited to criminal proceedings. In the absence of a specific legislative enactment to the contrary, the Constitution provides for either the district attorney or the county attorney, jointly or singly, in the event either fails to act, to be the proper officer to represent the State in the district court in civil actions. *See Garcia v. Laughlin*, 155 Tex. 261, 285 S.W.2d 191, 195 (1955); *Holmes v. Morales*, 906 S.W.2d 570, 574 (Vernon Supp.1997).

(Tex.App.—Austin 1995), *rev'd on other grounds*, 924 S.W.2d 920 (Tex.1996); *see also Hill v. Texas Water Quality Bd.*, 568 S.W.2d 738, 741 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.); *Bickham*, 203 S.W.2d at 566 ("[n]or may the State be represented in the district or inferior courts by any person other than the county or district attorney, unless such officer joins therein.").

However, the statutory procedure for expunction of arrest records also provides for the participation of counsel representing the various law enforcement agencies that have records or files subject to expunction. Accordingly, the statute requires the trial court to give reasonable notice of the hearing to each official, agency or other entity named by the petitioner as having records or files subject to expunction, "and such agency may be represented by the attorney responsible for providing such agency with legal representation in other matters." Tex.Code Crim. Proc.Ann. art. 55.02(2) (Vernon Supp.1997). Moreover, if expunction is ordered, "[a]ny petitioner or agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases." Tex. Code Crim.Proc.Ann. art. 55.02(3)(a) (Vernon Supp.1997). Accordingly, the Department, as an agency of the State with records or files subject to the expunction, clearly has standing to contest expunction and to appeal the present order granting expunction. *See State v. Sink*, 685 S.W.2d 403, 404 (Tex.App.-Dallas 1985, no writ).

In addition, though it did not appear through agency counsel at the hearing, the Department did not waive its right either to appeal or to request findings and conclusions following that hearing. We hold that the Department was present at the hearing through the presence of the Nueces County District Attorney.

Texas law governing expunction of criminal records creates a unique situation in which all persons and agencies party to an expunction action share not only interwoven but identical interests. These agencies, along with the public, share the common goals of uniform management of documentation and effective deterrence of recidivism, both of which are achieved by maintenance of arrest records. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex.1991).

■ Because expunction is a civil proceeding, the statute allows each law enforcement agency cited to represent itself, rather than being forced to rely on the district attorney to represent its interest at the hearing as it would be in a criminal proceeding. *See Texas Dept. of Public Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex.App.—Houston [1st Dist.] 1994, no writ) (only the DPS appeared at the hearing to contest expunction). Accordingly, other law enforcement agencies which appear at the hearing are not bound by the district attorney's actions or agreements concerning expunction. *Id.* at 458.

■ However, although *Katopodis* stands for the proposition that the Department may separately appear at an expunction hearing, it does not imply that the Department and other state agencies, in the absence of a separate appearance, are not in fact represented by the district attorney. The identical interests of the various law enforcement agencies involved, such that relief granted or denied to one amounts to relief granted or denied to all, clearly requires some coordination of effort by the State. We conclude that the county or district attorney is the primary representative for the State and thus for the interests of all of the various state agencies that may protest the expunction. Having originally prosecuted the criminal action, the district attorney is in the best position to defend against expunction of the record. While the individual agency may not be bound by the district attorney's decisions with regard to expunction if it chooses to appear and actively participate, we do not find any indication in the statute that, in the absence of a separate appearance by counsel for the agency, the district attorney does not represent its interests in the proceeding. Accordingly, the Department having appeared through its district attorney and contested expunction, it was then entitled also to request findings and conclusions and to appeal from the order of expunction by the separate participation of agency counsel.

Based on judicial notice of the prior criminal record at the hearing, the trial court

concluded that Butler was entitled to expunction. The Department timely requested findings of fact and conclusions of law from that evidentiary hearing, and thus extended the time to perfect appeal for ninety days after judgment. Tex.R.App.P. 41(a)(1). Within that period, the Department timely perfected its appeal. We now turn to the Department's points of error.

■ By its third through fifth points of error, the Department complains that Butler was not entitled to expunction since he failed to show that he met the requirements of the expunction statute. The record is undisputed that Butler pled guilty, was placed on deferred adjudication probation, and, after successfully completing a portion of that term of probation, the criminal proceeding against him was dismissed.

The Texas Code of Criminal Procedure provides petitioner with the right to expunge his arrest records under the following circumstances:

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and

there was no court ordered probation under Art. 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of arrest.

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1997).

■ The expunction statute was created to allow persons wrongfully charged to expunge their arrest records. See State v. Knight, 813 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1991, no writ). Expunction is only available when all the statutory conditions have been met, which the petitioner has the burden of proving. Ex parte Scott, 818 S.W.2d 226, 227 (Tex.App.—Corpus Christi 1991, no writ). Moreover, courts have no equitable power to extend the right to expunction beyond that allowed by statute. Texas Dept. of Public Safety v. Wiggins, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ).

Expunction is clearly not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." Harris County Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574 (Tex.1991) (quoting Texas Dept. of Public Safety v. Failla, 619 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1981, no writ)). Deferred adjudication probation constitutes a "court ordered probation" for purposes of article 55.01(a)(2)(B), and therefore renders the defendant ineligible for expunction of his records. Knight, 813 S.W.2d at 212; Harris Co. Dist. Atty's Office v. Dawson, 809 S.W.2d 359, 361 (Tex.App.—Houston [14th Dist.] 1991, no writ). Accordingly, petitioner is not entitled to expunction merely for completing deferred adjudication probation and obtaining the consequent dismissal. See J.T.S., 807 S.W.2d at 574; Ex parte Elliott, 804 S.W.2d 324, 325 (Tex.App.—Houston [1st Dist.] ), rev'd on other grounds, 815 S.W.2d 251 (Tex.1991); State v. Gamble, 692 S.W.2d 200, 202 (Tex.App.—Fort Worth 1985, no writ). We sustain the Department's third through fifth points of error.

The Department's remaining two points of error are not dispositive and we do not address them. See Tex.R.App.P. 90(a).

We REVERSE the trial court's order for expunction and RENDER judgment denying expunction.