**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Omur AYTONK, Appellee.**

No. 04–99–00160–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 8, 1999.

Charles R. Maddox, Texas Department of Public Safety, Crime Records Service, Austin, for Appellant.

Thomas C. Leopold, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

The Texas Department of Public Safety (DPS) appeals the trial court's expunction of Omur Aytonk's conviction for theft. In four points of error, DPS argues that Aytonk gave defective notice of the expunction hearing, that the evidence is insufficient to support expunction, and that Aytonk's "nolo contendre" plea and subsequent entry of conviction thereupon rendered him ineligible for expunction. We reverse the order of expunction, and render judgment denying expunction, and render judgment denying expunction.

### I.

Aytonk was arrested for and charged by information with the offense of theft $50–$500, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03(e)(2) (Vernon Supp.1999). He pled nolo contendre to the charge of theft under $50, a Class C misdemeanor, and the trial court entered a conviction thereupon. *See* TEX. PENAL CODE ANN. § 31.03(e)(1) (Vernon Supp. 1999). Aytonk moved for expunction of the arrest records pertaining to this theft, and the trial court order granted his motion. DPS appeals.

### II.

In its fourth point of error, DPS argues that Aytonk is ineligible for expunction as a matter of law because his arrest resulted in a final conviction. A trial court's conclusions of law are always

reviewable. *Spiller v. Spiller*, 901 S.W.2d 553, 556 (Tex.App.—San Antonio 1995, writ denied). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence; they will not be reversed unless they are erroneous as a matter of law. *Id.*

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released *and the charge, if any, has not resulted in a final conviction* and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. art. 55.01(a)(2)(A)-(C) (Vernon Supp.1999) (emphasis added).

■ The petitioner bears the burden of proving that all of the statutory conditions have been met. *Texas Dept. of Public Safety v. Butler*, 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, no writ). The expunction statute was created to allow persons wrongfully charged to expunge their arrest records. *Id.* "Expunction is clearly not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'" Butler, 941 S.W.2d at 321 *(citing Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991)).

■ The record clearly reflects that Aytonk's plea of nolo contendre resulted in a final conviction, rendering him ineligible for expunction of his arrest records. We sustain DPS' fourth point of error, reverse the order of expunction, and render judgment denying expunction. Because our finding on this issue is dispositive of the appeal, we do not address the remainder of DPS' points of error.

### III.

Aytonk's final conviction for theft precluded the expunction of the records and file pertaining to his arrest as a matter of law. We reverse the order of expunction, and render judgment denying expunction.