NUMBER 13-03-506-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

TEXAS DEPARTMENT 
OF PUBLIC SAFETY,                                                                  Appellant,

v.

ABRAHAM JIMENEZ,                                                                 Appellee.
                                                                                                                                      

On appeal from the 347th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza

          Appellee, Abraham Jimenez, was arrested and indicted for indecency with a child
by sexual contact. The indictment was later dismissed for an unknown reason. 
Subsequently, appellee filed a petition to expunge his arrest records. After two hearings,
the trial court granted appellee’s petition. Appellant, the Texas Department of Public
Safety (DPS), now contends that the trial court’s order should be vacated because (1)
appellee produced no evidence that the indictment had been dismissed due to a lack of
probable cause as alleged in appellee’s expunction petition and (2) the trial court abused
its discretion in setting a hearing on a petition for expunction when notice was not provided
to appellant. For his part, appellee disputes these issues and argues, in addition, that
appellant’s attorney has no authority to represent appellant in the instant appeal because
he would have been unable to represent appellant before the trial court. We overrule
appellee’s challenge to appellant’s counsel, sustain appellant’s first issue, and order the
trial court’s expunction order vacated.
          As a preliminary matter, we overrule appellee’s cross issue challenging appellant’s
counsel. Appellee claims that it is improper for appellant to be represented by outside
counsel in this matter because outside counsel could not have represented appellant at
trial. Appellee explains that it is the duty of the District Attorney of Nueces County to
represent the State in all cases in the district and inferior courts. Appellee points out that
appellant is a state agency and argues that the District Attorney of Nueces County was
therefore obligated to represent appellant throughout the expunction proceeding. 
According to appellee, it stands to reason that if appellant could not have been represented
by outside counsel at trial, it cannot be represented by outside counsel on appeal.
          Appellee’s argument, however, is founded on a flawed premise: appellant was free
to represent itself at the expunction hearing notwithstanding the district attorney’s actions. 
See Texas Dep’t of Pub. Safety v. Katopodis, 886 S.W.2d 455, 458 (Tex. App.—Houston
[1st Dist.] 1994, no pet.). Likewise, appellant is free to represent itself independently on
appeal. Tex. Code Crim. Proc. Ann. art. 55.02(2)(c) (Vernon Supp. 2004); Tex. Dep’t of
Pub. Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, no pet.)
(holding that DPS was entitled to request findings and conclusions and to appeal from
order of expunction by separate participation of agency counsel). It follows that appellant
could have retained counsel from outside its agency to represent it during the lower court’s
expunction proceedings and that it may do the same on this appeal. Appellee’s cross
issue is therefore overruled. 
          We now address appellant’s first issue: the trial court abused its discretion by
ordering expunction because there is no evidence in the record to show why the indictment
against appellee was dropped. A “no evidence” challenge attacks “the legal sufficiency of
evidence supporting the order of expunction.” Houston Police Dep’t v. Berkowitz, 95
S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A court should
sustain a no evidence point of error when:
(a) there is a complete absence of evidence of a vital fact, (b)
the court is barred by the rules of law or evidence from giving
weight to the only evidence offered to prove a vital fact, (c) the
evidence offered to prove a vital fact is no more than a mere
scintilla, or (d) the evidence conclusively establishes the
opposite of the vital fact. 
 
Merrell Dow Pharm. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).
          The expunction statute was created to allow persons wrongfully charged with an
offense to expunge their arrest records. Butler, 941 S.W.2d at 321. To be entitled to
expunction, a person charged with an indictment or information must present evidence that
(1) the limitations period for the offense expired before the date upon which the petition for
expunction was filed or (2) that the charges were brought without probable cause. See
Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (Vernon Supp. 2004). Appellee’s petition
alleged the second basis for expunction (i.e., lack of probable cause). Appellee, however,
presented no evidence to establish the absence of probable cause. An expunction
petitioner must prove compliance with all statutory requirements. See Texas Dep’t Of Pub.
Safety v. Williams, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.). A court
has no power to grant an expunction petition on equitable grounds absent compliance with
the statute. Id. We therefore conclude that appellant’s first issue is meritorious and
sustain it because appellee failed to comply with the expunction statute.
          We reverse the trial court’s expunction order and render an order denying
expunction. Appellant’s second issue is dismissed as moot.                                  


                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Memorandum Opinion delivered 
and filed this the 19th day of August, 2004.