NUMBER 13-05-619-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


ALBERTO SOLIS LOPEZ, Appellee.

 


On appeal from the 357th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 This is an appeal of an order of expunction. Appellee, Alberto Solis Lopez,
petitioned the trial court to expunge records of his arrest for aggravated assault. The
charge for aggravated assault was later dismissed and refiled as a Class A
misdemeanor. The trial court granted the expunction. The Texas Department of Public
Safety (the Department) appeals from that order.

 By a single issue, the Department contends the court erred in granting
expunction because Lopez admitted he was placed on probation as a result of an arrest
and, thus, cannot prove that all statutory conditions have been met. See Tex. Code
Crim. Proc. Ann. art. 55.01 (Vernon 2006). We reverse and render.

I. Background (1)

 Lopez petitioned the trial court to expunge records of his arrest for aggravated
assault, which was re-filed as a misdemeanor assault. Lopez admits in his petition that 
he did "plead in County Court and was sentenced to twelve months deferred
adjudication." The Cameron County Criminal District Attorney and the Department
answered and specifically complained that Lopez was not entitled to expunge these
records because he served probation. Lopez amended his petition, but continued to
assert that he did "plead in County Court and was sentenced to twelve months
deferred adjudication." At the hearing on his petition, after Lopez admitted he served
probation as a consequence of his arrest, the trial court granted the expunction.

II. Standard of Review and Relevant Case Law

 We review a trial court's ruling on a petition for expunction under an
abuse-of-discretion standard. Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642,
646 (Tex. App.-Austin 2002, pet. denied). A trial court abuses its discretion if it acts
without reference to guiding rules and principles or if its actions were arbitrary and
unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

 A petitioner is entitled to expunction only on proof of satisfaction of each
statutory requirement found in article 55.01 of the Texas Code of Criminal Procedure. 
See Tex. Dep't of Pub. Safety v. Williams, 76 S.W.3d 647, 650 (Tex. App.-Corpus
Christi 2002, no pet.); see also See Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon
2006). When an individual has been placed on deferred-adjudication community
supervision for an offense, the records pertaining to that offense are not eligible for
expunction. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B) (Vernon 2006); see id. at
art. 42.12, § 5 (Vernon 2006). It is well settled that deferred-adjudication community
supervision constitutes "court ordered probation" for the purposes of article
55.01(a)(2)(B). See Tex. Dep't of Pub. Safety v. Butler, 941 S.W.2d 318, 321 (Tex.
App.-Corpus Christi 1997, no writ); see also Tex. Dep't of Pub. Safety v. Moran, 949
S.W.2d 523, 527 (Tex. App.-San Antonio 1997, no writ); Tex. Dep't of Pub. Safety
v. P.E., 794 S.W.2d 604, 608 (Tex. App.-Austin 1990, no writ). This bar to
expunction remains even if the deferred-adjudication community supervision has been
completed and consequent dismissal obtained. Harris County Dist. Attorney's Office
v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991).


III. Analysis

 By a single issue, the Department contends that because Lopez admitted he was
placed on probation as a result of an arrest, he is not entitled to an expunction of
records related to that arrest. We agree. Lopez's statement that he completed his
twelve months deferred adjudication probation is a judicial admission, see Mendoza v.
Fidelity & Guar. Ins., 606 S.W.2d 692, 694 (Tex. 1980) (describing a judicial
admission), and conclusively establishes he suffered probation as a consequence of the
arrest he desires to expunge.

 Texas courts have uniformly held the expunction statute was not intended to
allow a person who is arrested, pleads to an offense, and receives probation pursuant
to a plea, to expunge arrest and court records concerning that arrest. In this case,
Lopez was arrested for aggravated assault, was charged and pleaded to a
misdemeanor, and received deferred adjudication probation. Because he was placed
on probation under article 42.12, he is not entitled to expunge records related to this
arrest and probation. Tex. Code Crim. Proc. art. 55.01(a)(2)(B) (Vernon 2006); Butler,
941 S.W.2d at 321. The trial court abused its discretion when it entered an order
expunging Lopez's records because Lopez did not establish each statutory requirement
set out in article 55.01 of the Texas Code of Criminal Procedure. We sustain the
Department's sole issue.



IV. Conclusion

 Accordingly, we reverse the trial court's order and render judgment denying the
expunction. Pursuant to the Department's prayer for relief, we order all documents
that were turned over to the trial court or Lopez returned to the submitting agencies. 
See Ex parte Elliott, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that
reversal of the order of expunction applies to all respondents, even if they did not
participate in the appeal).

 

 NELDA V. RODRIGUEZ

 Justice


 Memorandum Opinion delivered and 

 filed this 5th day of July, 2007.
1. The statement of facts set out in appellant's brief, if supported by record references, will be
accepted as true unless another party contradicts them. Tex. R. App. P. 38.1(f). Because Lopez filed
no brief, we will take as true the Department's fact statement that is supported by record references.