NUMBER 13-08-00393-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


TEXAS DEPARTMENT OF

PUBLIC SAFETY, Appellant,


v.


ANTONIO LOZA ESPINOZA, Appellee.

 


On appeal from the 138th District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides

Memorandum Opinion by Justice Yañez

 By one issue, appellant, the Texas Department of Public Safety ("the
Department"), appeals from the trial court's order granting a petition for expunction filed
by appellee, Antonio Loza Espinoza. We affirm.


I. Background

 Espinoza was arrested for misdemeanor driving while intoxicated on July 29,
2007. (1) The charges against him were dismissed. On April 2, 2008, Espinoza filed a
petition to expunge all records and files relating to his arrest. An expunction hearing
was held on May 20, 2008. The State was represented by the assistant criminal district
attorney; however, the Department did not appear. The trial court granted Espinoza's
petition for expunction. (2) This appeal ensued.

III. Analysis

 By its sole issue, the Department argues that Espinoza did not establish that the
statute of limitations had expired prior to filing his petition. However, we conclude that
the Department is precluded from challenging this issue on appeal.

 The Texas Department of Public Safety has been established by statute as an
agency of this State. (3) The district attorney represents the interests of a State agency
that does not appear at an expunction hearing. (4) The Department did not appear at the
expunction hearing; therefore, its interests were represented by the district attorney. (5)

 At the expunction hearing, the district attorney, representing the interests of the
Department, expressly stated to the trial court that he was in agreement with, and did
not have any opposition to the expunction order. Therefore, because the district
attorney represented to the trial court that it had "no opposition" to expunction in this
case, any error by the trial court in granting the expunction was clearly invited by the
district attorney. (6) Thus, the district attorney and the agencies it represented at the
hearing cannot inconsistently contend on appeal that the trial court erred by expunging
these records. The Department's sole issue is overruled.

IV. Conclusion

 We affirm the judgment of the trial court.


 

 LINDA REYNA YAÑEZ,

 Justice


Memorandum Opinion delivered and 

filed this the 20th day of August, 2009.

1. [1] See Tex. Penal Code Ann. § 49.04 (Vernon 2003).
2. [2] In his petition, Espinoza sought expunction of the arrest under article 55.01 (a)(2) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon 2006). The trial court granted
his petition. As such, we regard the order's reference to section (a)(1) as a typographical error.
3. [3] Tex. Gov't. Code Ann. § 411.002(a) (Vernon 2005).
4. [4] See Tex. Dep't of Pub. Safety v. Butler, 941 S.W.2d 318, 320 (Tex. App.-Corpus Christi 1997, no writ);
see also Ex parte Elliot, 815 S.W.2d 251, 252 (Tex. 1991) ("Texas law governing expunction of criminal
records creates a unique situation in which all persons and agencies party to an expunction share not only
interwoven but identical interests.").
5. [5] Butler, 941 S.W.2d at 320.
6. [6] See Kelly v. Demoss Owners Ass'n, 71 S.W.3d 419, 424 (Tex. App.-Amarillo 2002, no pet.) ("Invited
error is an equitable doctrine which prohibits a party from acting in a way that misleads a trial court into
committing error and is well established in Texas jurisprudence.").