

NUMBER 13-09-00611-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**                    **Appellant,**

**v.**

**NORMA ZUNIGA,**                                                           **Appellee.**

On appeal from 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza**
**Memorandum Opinion by Justice Rodriguez**

This is an appeal of an order of expunction. Appellee Norma Zuniga petitioned the

trial court to expunge records of her arrest for theft. The trial court granted the expunction.

Appellant Texas Department of Public Safety (Department) appeals from that order. By

two issues, the Department contends the trial court erred in ordering expunction because

(1) there is no evidence that the indictment presented against Zuniga was dismissed in accordance with the statutory requirements of article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure, and (2) the Department did not receive notice of the hearing as required by article 55.02, section 2(c) of the code. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01(a)(2)(A), 55.02, § 2(c) (Vernon Supp. 2009). We reverse and render.

## I. BACKGROUND[1]

Zuniga was arrested for theft and charged by indictment. After the indictment was dismissed, Zuniga filed an original petition for expunction and an amended petition. The Department received notice of the hearing set for August 26, 2009, and filed an answer. *See id.* at art. 55.02. Zuniga then filed a second amended petition, and the Department received notice of the hearing set for September 30, 2009. The trial court then ordered the hearing reset for October 8, 2009, but the Department did not receive notice and therefore did not appear. The trial court ordered an expunction, and this appeal ensued.

## II. NO EVIDENCE

In its first issue, the Department contends that Zuniga failed to meet condition (A) of article 55.01(a)(2) of the Texas Code of Criminal Procedure because she produced no evidence showing that the charges against her were dismissed for a reason indicating the absence of probable cause to believe she had committed the offense. *See id.* art. 55.01(a)(2)(A). We agree.

---

[1]The statement of facts set out in appellant's brief, if supported by record references, will be accepted as true unless another party contradicts them. TEX. R. APP. P. 38.1(g). Because Zuniga filed no brief, we will take as true the Department's fact statement that is supported by record references. Furthermore, because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See id.* at rule 47.4.

## A. Standard of Review

A trial court's order in an expunction proceeding is reviewed under an abuse of discretion standard. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to do so. *Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.–Waco 1997, pet. denied); *see also Tex. Dep't of Pub. Safety v. Olivares*, No. 13-06-035-CV, 2007 Tex. App. LEXIS 5904, *3-*4 (Tex. App.–Corpus Christi July 26, 2007, no pet.) (mem. op.).

## B. Applicable Law

Expunction is only available when all statutory conditions have been met. *Williams*, 76 S.W.3d at 650 (citing *Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 321 (Tex. App.–Corpus Christi 1997, no writ)). The petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *Id.* (citing *Butler*, 941 S.W.2d at 321; *Ex parte Scott*, 818 S.W.2d 226, 227 (Tex. App.–Corpus Christi 1991, no writ)). To be entitled to expunction, a petitioner, such as Zuniga, who has neither been acquitted of the offense in the petition, nor convicted and subsequently pardoned, must show that the indictment presented against her has been dismissed or quashed "because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense . . . ." TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii).

## C. Analysis

Zuniga had not been acquitted of the offense identified in the petition, and she had not been convicted and subsequently pardoned for that offense. Therefore, under the

3

facts of this case, Zuniga was required to prove that she satisfied the conditions set out in article 55.01(a)(2)(A)(ii) of code of criminal procedure.[2]  See TEX. CODE CRIM. PROC. ANN. at art. 55.01(a)(2)(A)(ii).  However, the record does not reflect that Zuniga presented any evidence to satisfy these requirements.  *See id.*  Because there is no evidence to support Zuniga's expunction, the trial court abused its discretion in ordering Zuniga's records expunged.  *See Heine*, 92 S.W.3d at 646.  We sustain the Department's first issue.

Having sustained the Department's first issue, we need not address its second issue regarding proper notice of the hearing.  *See* TEX. R. APP. P. 47.1.

## III.  CONCLUSION

We reverse the trial court's order and render judgment denying the expunction. Pursuant to the Department's prayer for relief, we order any documents surrendered to the trial court or to Zuniga returned to the submitting agencies.  *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the order of expunction applies to all respondents, even if they did not participate in the appeal).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
24th day of June, 2010.

---

[2]As the statute of limitations for theft is five years and Zuniga filed her various petitions for expunction less than two years after the date of the alleged commission of the offense, she was not eligible for relief under article 55.01(a)(2)(A)(i) which provides for expunction when an indictment presented against the person has been dismissed or quashed because the limitations period expired before the date on which a petition for expunction was filed.  *See* TEX. CODE CRIM. PROC. ANN. arts. 12.01(4)(A), 55.01(a)(2)(A)(i) (Vernon Supp. 2009).