NUMBER 13-09-00611-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG

 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.


NORMA ZUNIGA, Appellee.

 

On appeal from 92nd District Court 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza

Memorandum Opinion by Justice Rodriguez


 This is an appeal of an order of expunction. Appellee Norma Zuniga petitioned
the trial court to expunge records of her arrest for theft. The trial court granted the
expunction. Appellant Texas Department of Public Safety (Department) appeals from
that order. By two issues, the Department contends the trial court erred in ordering
expunction because (1) there is no evidence that the indictment presented against
Zuniga was dismissed in accordance with the statutory requirements of article
55.01(a)(2)(A) of the Texas Code of Criminal Procedure, and (2) the Department did not
receive notice of the hearing as required by article 55.02, section 2(c) of the code. See
Tex. Code Crim. Proc. Ann. arts. 55.01(a)(2)(A), 55.02, § 2(c) (Vernon Supp. 2009). 
We reverse and render.

I. Background (1)

 Zuniga was arrested for theft and charged by indictment. After the indictment
was dismissed, Zuniga filed an original petition for expunction and an amended petition. 
The Department received notice of the hearing set for August 26, 2009, and filed an
answer. See id. at art. 55.02. Zuniga then filed a second amended petition, and the
Department received notice of the hearing set for September 30, 2009. The trial court
then ordered the hearing reset for October 8, 2009, but the Department did not receive
notice and therefore did not appear. The trial court ordered an expunction, and this
appeal ensued.

II. No Evidence

 In its first issue, the Department contends that Zuniga failed to meet condition (A)
of article 55.01(a)(2) of the Texas Code of Criminal Procedure because she produced
no evidence showing that the charges against her were dismissed for a reason
indicating the absence of probable cause to believe she had committed the offense. 
See id. art. 55.01(a)(2)(A). We agree.


A. Standard of Review

 A trial court's order in an expunction proceeding is reviewed under an abuse of
discretion standard. Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex.
App.-Austin 2002, pet. denied). The trial court must strictly comply with the statutory
procedures for expunction, and it commits reversible error when it fails to do so. Ex
parte Stiles, 958 S.W.2d 414, 418 (Tex. App.-Waco 1997, pet. denied); see also Tex.
Dep't of Pub. Safety v. Olivares, No. 13-06-035-CV, 2007 Tex. App. LEXIS 5904, *3-*4
(Tex. App.-Corpus Christi July 26, 2007, no pet.) (mem. op.).

B. Applicable Law

 Expunction is only available when all statutory conditions have been met. 
Williams, 76 S.W.3d at 650 (citing Tex. Dep't of Pub. Safety v. Butler, 941 S.W.2d 318,
321 (Tex. App.-Corpus Christi 1997, no writ)). The petitioner has the burden of proving
that all statutory requirements have been satisfied in order to be entitled to expunction. 
Id. (citing Butler, 941 S.W.2d at 321; Ex parte Scott, 818 S.W.2d 226, 227 (Tex.
App.-Corpus Christi 1991, no writ)). To be entitled to expunction, a petitioner, such as
Zuniga, who has neither been acquitted of the offense in the petition, nor convicted and
subsequently pardoned, must show that the indictment presented against her has been
dismissed or quashed "because the presentment had been made because of mistake,
false information, or other similar reason indicating absence of probable cause at the
time of the dismissal to believe the person committed the offense . . . ." Tex. Code
Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).

C. Analysis

 Zuniga had not been acquitted of the offense identified in the petition, and she
had not been convicted and subsequently pardoned for that offense. Therefore, under
the facts of this case, Zuniga was required to prove that she satisfied the conditions set
out in article 55.01(a)(2)(A)(ii) of code of criminal procedure. (2) See Tex. Code Crim.
Proc. Ann. at art. 55.01(a)(2)(A)(ii). However, the record does not reflect that Zuniga
presented any evidence to satisfy these requirements. See id. Because there is no
evidence to support Zuniga's expunction, the trial court abused its discretion in ordering
Zuniga's records expunged. See Heine, 92 S.W.3d at 646. We sustain the
Department's first issue.

 Having sustained the Department's first issue, we need not address its second
issue regarding proper notice of the hearing. See Tex. R. App. P. 47.1.

III. Conclusion

 We reverse the trial court's order and render judgment denying the expunction. 
Pursuant to the Department's prayer for relief, we order any documents surrendered to
the trial court or to Zuniga returned to the submitting agencies. See Ex parte Elliot, 815
S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the order of
expunction applies to all respondents, even if they did not participate in the appeal).


 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 

24th day of June, 2010.
1. [1]The statement of facts set out in appellant's brief, if supported by record references, will be accepted as
true unless another party contradicts them. Tex. R. App. P. 38.1(g). Because Zuniga filed no brief, we will
take as true the Department's fact statement that is supported by record references. Furthermore,
because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them
here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See id.
at rule 47.4.
2. [2]As the statute of limitations for theft is five years and Zuniga filed her various petitions for expunction less
than two years after the date of the alleged commission of the offense, she was not eligible for relief under
article 55.01(a)(2)(A)(i) which provides for expunction when an indictment presented against the person
has been dismissed or quashed because the limitations period expired before the date on which a petition
for expunction was filed. See Tex. Code Crim. Proc. Ann. arts. 12.01(4)(A), 55.01(a)(2)(A)(i) (Vernon
Supp. 2009).