ACCEPTED
03-14-00274-CR
3661941
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/6/2015 11:04:07 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00274-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/6/2015 11:04:07 AM
JEFFREY D. KYLE
Clerk

********

# ARCHIE SCAIFE

## VS.

# THE STATE OF TEXAS

********

ON APPEAL FROM THE 169th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 267,438-C

******

# STATE'S BRIEF

******

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

1

# **TABLE OF CONTENTS**

**ITEM**                                                                    **PAGE**

Index of Authorities ................................................................ 4

Statement Regarding Oral Argument ................................... 5

Statement of the Case ......................................................... 5

Statement of Facts ............................................................... 5

Summary of State's Argument ............................................ 7

Argument and Authorities .................................................. 7

    First Issue on Appeal ..................................................... 7
        TRIAL COURT ERR IN PERMITTING
        DISTRICT ATTORNEY TO REPRESENT
        DEPARTMENT OF PUBLIC SAFETY IN
        EXPUNCTION HEARING?

        Application and Analysis ........................................ 8

    Second Issue of Appeal ................................................. 9
        TRIAL COURT ABUSE DISCRETION IN
        DENYING PETITION FOR EXPUNCTION
        WHERE PETITIONER HAD BEEN CON-
        VICTED OF OFFENSE ARISING OUT OF
        THE SAME ARREST?

        Standard of Review .............................................. 9

        Application and Analysis ....................................... 10

Prayer .................................................................................. 12

Certificate of Compliance with Rule 9 ................................................ 12

Certificate of Service ................................................................. 13

Appendix ............................................................................. 14

    Indictment Cause No. 59822

    Information Cause No. 62960

    Judgment of Conviction Cause No. 62960

    Motion to Dismiss and Order Cause No. 59822

# INDEX OF AUTHORITIES

**CASES**                                                                                  **PAGE**

*Texas Department of Public Safety v. Butler,* ........................................ 8, 9
    941 S.W.2d 318 (Tx. App. Corpus Christi 13th Dist.
    1997 no pet.)

*Texas Department of Public Safety v. G.B.E.,* ..................................... 10, 11
    No. 03-13-00017-CV, 2014 Tex. App. LEXIS 3195
    (Tx. App. Austin 3rd Dist. 2014 no pet.), not designated
    for publication.

*Travis County District Attorney v. M.M.,* .......................................... 9 - 11
    354 S.W.3d 920 (Tx. App. Austin 3rd Dist. 2011 no pet.)

**OTHER**

*Texas Code of Criminal Procedure*

    Article 55.01 ................................................................... 10

    Article 55.01(a)(2) ........................................................ 10

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Archie Scaife, filed a *pro se* Petition for Expunction of Criminal Record seeking expunction of his arrest by the Killeen Police Department for the offense of Aggravated Assault on a Public Servant on May 13, 2006. That arrest resulted in his indictment in Cause No. 59,882 in the District Court of Bell County, Texas. (CR-6).

The Texas Department of Public Safety filed an answer to that petition. (CR-153).

After a hearing the Trial Court entered Findings of Fact and Conclusions of Law (CR-259) and denied the expunction. (CR-205).

The Appellant filed a motion for new trial (CR-263) which was denied by the trial court after a hearing. (CR-301).

## STATEMENT OF FACTS

After hearing and receiving evidence the trial court entered the following Findings of Fact:

1. Petitioner was arrested by the Killeen Police Department on May 2, 2006.

2. As a result of that arrest the Petitioner was charged with the offense of Aggravated Assault on a Police Officer in Cause No. 59,822. Petitioner was also charged with the offense of Unlawful Possession of a Firearm by information in Cause No. 62,960.

3. The arrests in Cause Nos. 59,822 and 62,960 arose out of the same arrest.

4. On May 13, 2008, the Petitioner entered a plea of guilty in Cause No. 62,920 to the offense of Unlawful Possession of a Firearm by a Felon in the 27th District Court of Bell County, Texas and received a sentence of 4 years in the Texas Department of Criminal Justice.

5. The charge in Cause No. 59,922 was dismissed because the Petitioner plead guilty in the companion case in Cause No. 62,960. (CR-259)

Copies of the indictment in Cause No. 59,822 for which the Petitioner seeks an expunction (CR-157), the complaint charging the Petitioner with the offense of Unlawful Possession of a Firearm in Cause No. 62,960 (CR-158), the Judgment of Conviction in Cause No. 62,960 , and

the Motion and Order Dismissing Cause No. 59,822 because the Petitioner plead guilty in a companion case (CR-12) are all set out in the Appendix.

## SUMMARY OF STATE'S ARGUMENT

Although each of the persons and law enforcement agencies are entitled to individual representation in an expunction proceeding, nevertheless the District Attorney of the county may represent all of them at the hearing should they opt not to attend.

The trial court did not abuse its discretion in denying the petition for expunction because the Appellant entered a plea of guilty and was convicted of an offense that arose out of the same arrest as that sought to be expunged. The offense made the subject of the expunction request was dismissed solely on the ground that the Appellant had pled guilty in the companion case arising from the same transaction.

## ARGUMENT AND AUTHORITIES

### *First Issue on Appeal*

Did the trial court err in permitting the Assistant District Attorney to represent and present the objections of the Texas Department of Public Safety in the expunction hearing?

## Application and Analysis

In this case the Texas Department of Public Safety filed an answer to the Appellant's petition for expunction. The District Attorney did not. Nevertheless the Bell County District Attorney's office appeared at the hearing and presented the matters raised in the Department of Public Safety's answer to the petition.

The law governing expunctions presents a unique situation in which all persons and agencies that are parties to the expunction share interwoven and identical interests and common goals that are achieved by the maintenance of criminal records. Because an expunction is a civil proceeding each agency is entitled to represent itself and is not bound by the actions of the District Attorney. That does not mean, however, that each of the concerned agencies are not represented by the District Attorney. Coordination among agencies is mandated by the application of the relief granted or denied. Relief granted or denied is applicable to all. *Texas Department of Public Safety v. Butler*, 941 S.W.2d 318, 320 (Tx. App. Corpus Christi, 13th Dist. 1997 no pet.).

The District Attorney of the county is the primary representative of the State and thus of the interests of all of the parties and agencies concerned. In fact, having prosecuted the case, he or she is in the best

8

position to defend against the petition for expunction. Where the individual agency does not choose to attend and participate in the hearing, the District Attorney represents its interests in the proceedings. *Texas Department of Public Safety v. Butler* at 320.

The trial court did not err in permitting the Bell County District Attorney's Office to appear and represent the Texas Department of Public Safety in the hearing.

## Second Issue on Appeal

Did the trial court abuse its discretion in denying the petition for expunction because the case was dismissed on the grounds that the Appellant had plead guilty to a companion charge that arose out of the same arrest and was convicted?

### Standard of Review

Rulings on petitions for expunction are reviewed under an abuse of discretion standard. A trial court abuses its discretion only if it acts arbitrarily or unreasonably, without reference to guiding rules and principles of law. The decision is reviewed *de novo. Travis County District Attorney v. M.M.*, 354 S.W.3d 920, 922 (Tx. App. Austin 3rd Dist. 2011 no pet.).

### Application and Analysis

Expunction is neither a constitutional nor a common law right, but rather a statutory privilege. It is governed by Article 55.01 of the *Texas Code of Criminal Procedure*. A person is entitled to expunction only when all of the statutory conditions have been met. The trial court is without the power to extend relief beyond the clear meaning of the statute. *Travis County District Attorney v. M.M.* at 923.

A person is not entitled to have any arrest records arising from a multi-charge arrest expunged under Article 55.01(a)(2) when (1) one or more charges result in a conviction for that charge and (2) any remaining charge is dismissed as a result of a conviction of *any* charge from the same arrest. *Texas Department of Public Safety v. G.B.E.* , No. 03-13-00017-CV, 2014 Tex. App. LEXIS 3195, (Tx. App. Austin 3rd Dist. 2014), not designated for publication, op. at page 12.

In this case the evidence is clear and undisputed that the Appellant was arrested as a result of a single transaction for offenses of Aggravated Assault on a Police Officer and Unlawful Possession of a Firearm by a Felon. It is equally undisputed that the Appellant entered a plea of guilty and was convicted of the offense of Unlawful Possession of a Firearm by a Felon.

The offense of Aggravated Assault of a Police Officer was then dismissed solely upon the grounds that the Appellant had entered his plea of guilty to the same transaction offense of Unlawful Possession of a Firearm.

The fact situation is identical to that in *Texas Department of Public Safety v. G.B.E.* and, exactly as in that case the Appellant has failed to establish that all of the statutory requirements necessary for expunction have been fulfilled. The burden to do so is upon the Petitioner. *Travis County District Attorney v. M.M.* at 923. The trial court certainly did not abuse its discretion in denying the expunction.

# PRAYER

The State of Texas respectfully prays that the order denying the petition for expunction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1141 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Archie Terrell Scaife #1582863, Appellant *pro se*, by depositing the same in the United States Mail, postage paid, return receipt requested, addressed to him at James Byrd Unit, 21 FM 247, Huntsville, Texas 77320, on this 6th day of January, 2015.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney

13

# Appendix

# IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Bell, State of Texas, duly selected, empaneled, sworn, charged and organized as such at the July Term, A. D. 2006 of the 264th Judicial District Court for said County, upon their oaths present in and to said court at said term that

**ARCHIE TERRELL SCAIFE**     *59822*

hereinafter styled Defendant, on or about the 13th day of May A. D. 2006, and before the presentment of this Indictment, in the County and State aforesaid,

did then and there intentionally, knowingly, or recklessly cause bodily injury to Michael Scott Aycock by attempting to strike him with a motor vehicle, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle, during the commission of said assault, and the said Michael Scott Aycock was then and there a public servant, to-wit: a police officer, acting in the discharge of his official duties and the said Archie Terrel Scaife knew that the said Michael Scott Aycock was so acting

against the peace and dignity of the State.

FILED
2006 JUL 19 AM 10: 58
_____ DEPUTY

_____
District Attorney 27th Judicial District of Texas.

_____
Foreman of the Grand Jury

DA - INFORMATION - GENE. L     RE: # 62960

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

COMES NOW Henry L. Garza, District Attorney of the 27th Judicial District, Bell County, Texas, and presents in and to the 426th District Court of said County, that heretofore and before the presentment of this information, ARCHIE TERRELL SCAIFE , on or about the 13th day of May, A. D., 2006, in the County and State aforesaid,

Did then and there, having been convicted of the felony offense of Possession of Cocaine less than one gram, on the 17th day of August, 2001, in cause number 51,207, in the 264th Judicial District Court of Bell County, Texas, in a case on the docket of said Court and entitled The State of Texas vs. Archie Terrell Scaife, intentionally or knowingly possess a firearm before the fifth anniversary of the defendant's release from confinement following conviction of said felony

against the peace and dignity of the State.

WITNESS my hand this _12th_ day of _May_, A. D., 2008

HENRY L. GARZA,
DISTRICT ATTORNEY

BY: _____
ASSISTANT DISTRICT ATTORNEY

FILED
2008 MAY 12 P 4:19
SHELIA NORMAN
DISTRICT COURT
BELL COUNTY, TX
BY _____ DEPUTY

158



CASE NO. 62960 COUNT SINGLE
INCIDENT NO./TRN: 909399333X

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 27TH DISTRICT |
| V. | § | COURT |
| | § | |
| ARCHIE TERRELL SCAIFE | § | BELL COUNTY, TEXAS |
| STATE ID NO.: TX 05885154 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. MARTHA J. TRUDO | Date Judgment Entered: | 5/13/2008 |
| Attorney for State: | PAUL MCWILLIAMS | Attorney for Defendant: | JON JON MCDURMITT |

Offense for which Defendant Convicted:
**UNLAWFUL POSSESSION OF A FIREARM BY FELON**

| | |
|---|---|
| Charging Instrument: **INFORMATION** | Statute for Offense: **46.04 Penal Code** |

Date of Offense:
**5/13/2006**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **3RD DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**SEE ATTACHED-DISCLOSURE OF PLEA RECOMMENDATIONS ATTACHED HERETO AND MADE A PART HEREOF**

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| | | | |
|---|---|---|---|
| Date Sentence Imposed: | 5/13/2008 | Date Sentence to Commence: | 5/13/2008 |

Punishment and Place of Confinement: **FOUR (4) YEARS INSTITUTIONAL DIVISION, TDCJ**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 233.00 /$600.00 Attorney Fees | $ N/A | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| | |
|---|---|
| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. From 5/16/2006 to 5/13/2008 If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. N/A DAYS   NOTES: N/A |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Bell County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to

MICROFILM
164-0041

stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Office of the Bell County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Bell County, Texas on the date the sentence is to commence. Defendant shall be confined in the Bell County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Office of the Bell County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Bell County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

DEFENDANT ORDERED BY COURT TO PAY COURT COSTS, AND ATTORNEY FEES AFTER RELEASE FROM INCARCERATION.

Signed and entered on May 13, 2008

MARTHA J. TRUDO
JUDGE PRESIDING

Clerk: SB



FILED
2008 MAY 13 P 3: 11

Archie Terrell Scaife, 62960

**Right Thumbprint**

# CERTIFICATE OF THUMBPRINT

CAUSE # 1029160

THE STATE OF TEXAS

VS.

Scaife, Archie Terrell

IN THE DISTRICT COURT

OF BELL COUNTY, TEXAS

FILED
2008 MAY 13 P 3: 11
BELL COUNTY, TX
BY_____ DEPUTY

RIGHT THUMB*                    Defendant's ____R.____ Hand.

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE THIS THE ___13___ DAY OF ___May___ 2008

_____D. Hill_____
Official Taking Print

*Indicate here if print other than defendant's right thumbprint is placed in box.

☐ Left Thumbprint

☐ Left/Right Index Finger          ☐ Other_____

161

DATE: May 9, 2008
FILING AGENCY Killeen Police Department
OFFENSE: AGGRAVATED ASSAULT AGAINST A PUBLIC SERVANT
ADA: MCWILLPR
DA-Number: 06-0820

COPY

NO. 59,822

| THE STATE OF TEXAS | § | IN THE 264 TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| ARCHIE TERRELL SCAIFE | § | BELL COUNTY, TEXAS |

## DISMISSAL

NOW COMES Henry Garza, District Attorney, in the above entitled and numbered cause, after

indictment of said cause and as grounds therefore would show the following:

☐ Insufficient evidence to obtain and secure a conviction
☐ Restitution made in full
☐ Unable to locate prosecuting witness
☑ Defendant pled guilty in companion case
☐ Request of prosecuting victim
☐ Lack of cooperation by victim
☐ Insufficient investigation by authorities charged with that responsibility
☐ Defendant deceased
☐ Other

HENRY L. GARZA
District Attorney

**FILED**
___ a.m. ___ p.m. o'clock

MAY 1 3 2009

SHELIA NORMAN
District Court, Bell County, Texas
By_____Deputy

BY: _____

Paul R. McWilliams
ASSISTANT DISTRICT ATTORNEY

Exhibit A

12

## ORDER

STATE OF TEXAS     *

COUNTY OF BELL     *

On this the ___13___ day of May, A. D., 2008, the foregoing motion of the State having been

considered and approved , the above styled and numbered cause is hereby DISMISSED.

_____
JUDGE PRESIDING

FILED

2008 MAY 13 P 3: 10

BY _____ DEPUTY

13