**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Mae Moore WILLIAMS a/k/a Mae Joyce Williams, Appellee.**

No. 13–00–00712–CV.

Court of Appeals of Texas, Corpus Christi.

April 4, 2002.

J. Frank Davis, Crime Records Service, Austin, for Appellant.

Amador C. Garcia, Corpus Christi, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

The Texas Department of Public Safety (DPS) appeals from the trial court's order expunging the arrest record of appellee, Mae Moore Williams a/k/a Mae Joyce Williams. In three issues, the DPS complains that the trial court failed to file findings of fact and conclusions of law and that appellee produced no evidence showing she met conditions (A) and (C) of article 55.01(a)(2) of the Texas Code of Criminal Procedure. We reverse and render.

### A. BACKGROUND AND PROCEDURAL HISTORY

Appellee was arrested by Corpus Christi police officers and charged with the offense of injury to a child, a third degree felony. A Nueces County grand jury indicted appellee for that offense, and the case was filed in the 105th District Court. The State later moved to dismiss the case "for the reason: [t]he evidence is insufficient." The court granted the motion and dismissed the case.

Appellee filed her petition for expunction in the 105th District Court on July 20, 2000. Appellee alleged that: (1) the court had dismissed the criminal case on May 12, 2000; (2) the case was no longer pending; (3) she was not placed on any type of court-ordered supervision, nor was she conditionally discharged; and (4) she had not been convicted of a felony in the five years preceding the date of her arrest. Appellee attached a certified copy of the State's motion to dismiss and the court's order of dismissal as an exhibit to the petition. On August 9, 2000, the DPS received notice of the petition for expunction, and that a hearing would be held on August 22, 2000. The DPS filed an answer on August 16, 2000, but did not appear at the hearing. At the August 22 hearing, the trial court granted the petition and signed an order expunging appellee's arrest record. The DPS appeals from that order.

### B. SUFFICIENCY OF THE EVIDENCE

#### 1. *Standard of Review*

When we review a no evidence issue, we must view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001). A no evidence issue will be sustained when the record discloses that: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow*

*Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is not more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). The test for the application of this no evidence/scintilla rule is: if reasonable minds cannot differ from the conclusion, then the evidence offered to support the existence of a vital fact lacks probative force, and it will be held to be the legal equivalent of no evidence. *Id.*

### 2. *Expunction*

At the time, article 55.01(a) of the Texas Code of Criminal Procedure provided:

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

\* \* \* \* \*

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12, of this code; and

(C) the person has not been convicted of a felony in the five years preceding the date of arrest.

Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279–80 (amended 2001) (current version at TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.2002)).

▌ The expunction statute was created to allow persons wrongfully charged to expunge their arrest records. *Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 321 (Tex.App.-Corpus Christi 1997, no writ); *State v. Knight*, 813 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist.] 1991, no writ). Expunction is only available when all the statutory conditions have been met, which the petitioner has the burden of proving. *Butler* 941 S.W.2d at 321; *Ex parte Scott*, 818 S.W.2d 226, 227 (Tex.App.-Corpus Christi 1991, no writ). Moreover, courts have no equitable power to extend the right to expunction beyond that allowed by statute. *Butler*, 941 S.W.2d at 321; *Tex. Dep't of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.-El Paso 1985, no writ).

### 3. *Condition (A) of Article 55.01(a)(2)*

▌ In its second issue, the DPS contends that appellee failed to meet condition (A) of Texas Code of Criminal Procedure article 55.01(a)(2) because appellee produced no evidence showing that the charges against her were dismissed for a

reason indicating the absence of probable cause to believe she had committed the offense.

At the August 22 hearing, the trial court took judicial notice of the State's motion to dismiss and the court's order of dismissal, signed on May 12, 2000. The motion to dismiss shows the State moved to dismiss the criminal case because the evidence was insufficient. The record contains no other reason for the dismissal.

Appellee produced no evidence showing that the charges against her were dismissed for a reason indicating the absence of probable cause to believe she had committed the offense of injury to a child. Further, the trial court made no finding that the charges against appellee were dismissed for a reason indicating the absence of probable cause to believe she had committed such an offense.

 Insufficient evidence to convict does not equate to a lack of probable cause to indict. *Ex parte Thomas*, 956 S.W.2d 782, 786 (Tex.App.-Waco 1997, no writ). Insufficient evidence to convict beyond a reasonable doubt does not invalidate an indictment and does not call for its dismissal. *Harris County Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 799 (Tex. App.-Houston [14th Dist.] 1993, no writ) (citing *Givens v. State*, 438 S.W.2d 810, 810 (Tex.Crim.App.1969)). In an expunction proceeding under article 55.01(a)(2), the petitioner must prove that the grand jury presented the indictment in question on the basis of mistaken or false information or some other similar reason indicating the absence of probable cause to believe the petitioner committed the offense. *Thomas*, 956 S.W.2d at 786. Insufficient evidence to convict does not support expunction. *M.G.G.*, 866 S.W.2d at 799.

Because appellee produced no evidence showing that the charges against her were dismissed for a reason indicating the absence of probable cause to believe she had committed the offense of injury to a child, we hold she failed to meet condition (A) of Texas Code of Criminal Procedure article 55.01(a)(2). We sustain appellant's second issue.

### 4. *Condition (C) of Article 55.01(a)(2)*

 In its third issue, the DPS contends that appellee failed to meet condition (C) of Texas Code of Criminal Procedure article 55.01(a)(2) because appellee produced no evidence showing she had not been convicted of a felony in the five years preceding the date of her arrest.

Appellee alleged in her petition for expunction that she had not been convicted of a felony in the five years preceding the date of her arrest. At the August 22 hearing, appellee produced no evidence showing that she had not been convicted of a felony in the five years preceding the date of her arrest. Accordingly, we hold that appellee failed to meet condition (C) of Texas Code of Criminal Procedure article 55.01(a)(2). We sustain appellant's third issue.

### C. FINDINGS OF FACT AND CONCLUSIONS OF LAW

 In its first issue, the DPS complains of the trial court's failure to file findings of fact and conclusions of law. The trial court signed the expunction order on August 22, 2000. The DPS timely requested findings of fact and conclusions of law on September 11, 2000, and filed a timely notice of past-due findings on October 10, 2000. *See* TEX.R. CIV. P. 296, 297. The trial court, however, did not file the requested findings of fact and conclusions of law.

 Rules 296 and 297 impose a mandatory duty on the trial court to file findings of fact and conclusions of law

within thirty days of the date of judgment at the request of either party. *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). The trial court's failure to respond to properly made requests is presumed harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *Id.* The test for determining whether a complaining party has suffered harm is whether the circumstances of the particular case would require an appellant to have to guess the reason or reasons the trial court has ruled against it; the issue is whether there are disputed facts to be resolved. *Humphrey v. Camelot Ret. Comty.,* 893 S.W.2d 55, 61 (Tex. App.-Corpus Christi 1994, no writ) (citing *Sheldon Pollack Corp. v. Pioneer Concrete of Texas,* 765 S.W.2d 843 (Tex.App.-Dallas 1989, writ denied)).

We conclude the circumstances of this case did not require the DPS to have to guess the reasons the trial court ruled against it. The appellate record clearly shows that appellee failed to produce any evidence showing she met conditions (A) and (C) of Texas Code of Criminal Procedure article 55.01(a)(2). Accordingly, we hold the DPS was not harmed by the trial court's failure to file findings of fact and conclusions of law. We overrule appellant's first issue.

## D. DISPOSITION

We reverse the trial court's order granting expunction and render judgment denying expunction.