NUMBER 13-06-035-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


ROEL OLIVARES, Appellee.

 



On appeal from the 404th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellant, the Texas Department of Public Safety (DPS), appeals from the
trial court's order expunging the arrest of appellee, Roel Olivares, from all public
records. By two issues, DPS contends (1) that the trial court issued the expunction
order in error because Olivares presented no evidence to support the expunction,
and (2) that the court abused its discretion in resetting the expunction hearing
without notice. We reverse and render.

I. Background

 Olivares was arrested for driving while intoxicated, see Tex. Penal Code Ann.
§ 49.04 (Vernon 2003), and pled guilty to the charge. The trial court sentenced
Olivares to twelve months' incarceration and ordered him to pay a $100 fine. The
trial court suspended Olivares's sentence and placed him on probation for a period
of twelve months. 

 Olivares later filed a petition to expunge his arrest from public records. The
trial court set a hearing on Olivares's expunction petition for September 1, 2005. 
Pursuant to article 55.02 of the Texas Code of Criminal Procedure, the trial court
sent notice of the petition and the September 1st hearing date to all parties
believed to possess records of Olivares's arrest. See Tex. Code Crim. Proc. Ann.
art. 55.02 (Vernon 2006). Both DPS and the Cameron County District Attorney
filed an answer and special exceptions to the petition.

 On September 1st, the date of the originally scheduled hearing on the
expunction petition, the court signed an order setting a hearing for September
29th. The trial court's docket entry for September 1st reflects that (1) the
September 29th hearing was related to the district attorney's special exceptions,
and (2) the hearing on the expunction petition was reset for October 20th per the
agreement of the parties. 

 The following reflects the complete transcription of the September 29th
hearing:

The Court: Mr. de la Fuente, on your expunction, I'm just
going to sign the order.


Defense Counsel: Very Well.


The Court: On 2005-07-3649, Olivares.


Defense Counsel: Yes, Your Honor.


The Court: All right.

 

Defense Counsel: Thank you, Judge. Let me make sure there is an
order there, if not I'll get one to the Court.


The Court: They withdrew the special exception to this case
and Mr. Gonzalez came in and I told him - - he told
me that there would be an agreement and that
they would withdraw their special exception and so
I informed him that it was not necessary for him to
appear.


Defense Counsel: Very well.


The Court: There is no opposition.


Defense Counsel: We ask the court to sign the order then,
Judge.


The Court: I think you are going to have to get me one.


Defense Counsel: I will. (1)


 The trial court signed an order of expunction on October 3rd and an amended
order of expunction on October 13th. DPS moved for a new trial, arguing that no
evidence was presented by Olivares and that Olivares was not entitled to the
expunction as a matter of law. The trial court denied the motion, and this appeal
ensued.

II. No Evidence

 By its first issue, DPS contends that the trial court erred in granting
Olivares's petition for expunction because Olivares presented no evidence to satisfy
the statutory requirements for expunction. We agree.

A. Standard of Review

 A trial court's order in an expunction proceeding is reviewed under an abuse
of discretion standard. Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646
(Tex. App.-Austin 2002, pet. denied). The trial court must strictly comply with the
statutory procedures for expunction, and it commits reversible error when it fails to
do so. Ex parte Stiles, 958 S.W.2d 414, 418 (Tex. App.-Waco 1997, pet.
denied). 

 In conducting a legal sufficiency review, we "view the evidence in the light
favorable to the verdict, crediting favorable evidence if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not." City of Keller v.
Wilson, 168 S.W.3d 802, 807, 827 (Tex. 2005). We will sustain a no evidence
challenge when the record shows that (1) there is a complete absence of a vital
fact, (2) the court is barred from considering the only evidence offered to prove a
vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla,
or (4) the evidence conclusively establishes the opposite of a vital fact. Id. at 810
(citing Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of
Error, 38 Tex. L. Rev. 361, 362-63 (1960)); Tex. Dep't of Pub. Safety v. Williams,
76 S.W.3d 647, 649 (Tex. App.-Corpus Christi 2002, no pet.)

B. Applicable Law

 "The expunction statute was created to allow persons wrongfully charged to
expunge their arrest records." Williams, 76 S.W.3d at 650 (citing Tex. Dep't of
Pub. Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.-Corpus Christi 1997, no
writ); State v. Knight, 813 S.W.2d 210, 212 (Tex. App.-Houston [14th Dist.]
1991, no writ)). Expunction is only available when all statutory conditions have
been met. Id.; see Tex. Code Crim. Proc. Ann. art. 55.01-.02 (Vernon 2006). The
petitioner has the burden of proving that all statutory requirements have been
satisfied in order to be entitled to expunction. Williams, 76 S.W.3d at 650 (citing
Butler, 941 S.W.2d at 321; Ex parte Scott, 818 S.W.2d 226, 227 (Tex.
App.-Corpus Christi 1991, no writ)). 

 A petitioner, such as Olivares, who has neither been acquitted of the offense
in the petition, nor convicted and subsequently pardoned, must show that each of
the following conditions are met to be entitled to expunction:

(A) an indictment or information charging the person with commission
of a felony has not been presented against the person for an offense
arising out of the transaction for which the person was arrested or, if
an indictment or information charging the person with commission of a
felony was presented, the indictment or information has been
dismissed or quashed, and:


(i) the limitations period expired before the date on which the
petition for expunction was filed under Article 55.02; or


 (ii) the court finds that the indictment or information was
dismissed or quashed because the presentment had been made
because of mistake, false information, or other similar reason
indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or
because it was void; 

 

(B) the person has been released and the charge, if any, has not
resulted in a final conviction and is no longer pending and there was
no court ordered community supervision under Article 42.12 for any
offense other than a Class C misdemeanor; and


(C) the person has not been convicted of a felony in the five years
preceding the date of the arrest. 


Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). 

C. Analysis

 By its first issue, DPS contends that the trial court erred in granting
Olivares's petition for expunction because Olivares presented no evidence to satisfy
the statutory requirements for expunction. In response, Olivares argues that DPS is
precluded from raising its no-evidence issue on appeal because (1) DPS was "bound
by any representation by a party adverse to said proceeding," and, therefore,
induced any purported error, and (2) DPS was required to raise its no-evidence
challenge below and failed to do so. Therefore, before we reach the merits of
DPS's first issue, we will first address Olivares's challenges to DPS's ability to raise
its no-evidence issue on appeal.

 To support his first argument, that DPS was "bound by any representation
by a party adverse to said proceedings," and, therefore, induced any purported
error, Olivares relies on Tex. Dep't of Pub. Safety v. Cryan, No. 14-04-00507-CV,
2005 Tex. App. LEXIS 6419 (Tex. App.-Houston [14th Dist.] Aug. 11, 2005, no
pet.) (mem. op.). However, we find Cryan distinguishable from the instant case
and conclude that Olivares's reliance on Cryan is without merit. 

In Cryan, the district attorney appeared at the expunction hearing and argued
as follows: 

We did talk to the D.P.S. who filed an extensive answer [in this case]. 
I think he has talked to [Cryan's attorney] and talked to me. . . . The
other two arrests [that did not result in deferred adjudication], we
have no problem with expunging those records, but we would oppose
any kind of expunction as far as the deferred adjudication is concerned
at this point in time because I think, legally, it can not [sic] be done.


Based on this argument by the district attorney, the Fourteenth Court of Appeals
found that the district attorney "expressly represented to the trial court that neither
he, nor DPS, opposed expunction of records related to these arrests." See id. at
*6 (emphasis added). In addition, the Fourteenth Court of Appeals concluded that
(1) the district attorney's express representation that there was "no problem" with
expunging certain records "clearly invited" error by the trial court, and (2) the
district attorney, and the parties he represented at the hearing, could not
inconsistently contend on appeal that the trial court erred by expunging the
petitioner's records. See id. at *6-*7. The Fourteenth Court of Appeals further
concluded that because DPS did not appear at the expunction hearing, the district
attorney represented DPS's interests at the hearing. Id. at *7. As a result, the
Fourteenth Court of Appeals held that "the district attorney's representation that
neither he, nor DPS, opposed expunction of records . . . is binding on DPS and
precludes DPS from challenging on appeal the legal sufficiency of the evidence to
support expunction of records . . . ." Id. at *8.

 Here, however, neither the district attorney nor DPS was present at the
September 29th hearing. Although the trial court stated that "they withdrew the
special exception to this case and Mr. Gonzalez came in and I told him - - he told
me that there would be an agreement and that they would withdraw their special
exception," it is unclear from the record who Mr. Gonzalez was. (2) In addition, it is
unclear from the record what the context of any such would-be agreement
was-whether it related to special exceptions, to the expunction, or to any other
matter. Furthermore, other than the trial court's statement that "there would be an
agreement," the record does not show an express representation of any such
agreement by Mr. Gonzalez, himself; nor does the record show that Mr. Gonzalez
expressly represented that DPS was part of any such agreement. Therefore, based
on the record before us, we cannot conclude that (1) Mr. Gonzalez represented
DPS's interest at the hearing, (2) DPS was bound by any would-be agreement, or
(3) DPS invited any purported error by the trial court regarding the expunction of
Olivares's arrest record. Thus, we cannot conclude that DPS is precluded from
raising its no-evidence issue on this basis. 

 With respect to his second argument, Olivares asserts that DPS is precluded
from raising its no-evidence challenge on appeal because DPS failed to raise its no-evidence challenge in the trial court. However, we conclude that Olivares's
argument is without merit. First, DPS raised its no-evidence challenge in its motion
for new trial, which the trial court denied. Moreover, it is well settled that when
appealing from a non-jury trial, a legal sufficiency challenge may be raised for the
first time on appeal. See Tex. R. App. P. 33.1(d) (providing that in a non-jury case,
a legal sufficiency challenge may be raised for the first time on appeal in the
complaining party's brief); Tex. R. Civ. P. 324(a), (b). Therefore, we conclude that
DPS's no-evidence challenge is properly before this Court. Accordingly, we will
now address the merits of DPS's no-evidence issue. 

 DPS contends that the trial court erred in granting Olivares's petition for
expunction because Olivares presented no evidence to support the expunction. 
Specifically, DPS asserts that Olivares was required to prove that he satisfied the 
requirements of article 55.01(a)(2) of the Texas Code of Criminal Procedure in
order to be entitled to expunction. See Tex. Code Crim. Proc. Ann. art.
55.01(a)(2). We agree. 

 It is well settled that the petitioner has the burden of proving that all
statutory requirements have been satisfied in order to be entitled to expunction. 
Williams, 76 S.W.3d at 650. Because Olivares had neither been acquitted of the
offense identified in the petition, nor convicted and subsequently pardoned for said
offense, Olivares was required to prove that he satisfied the conditions set out in
article 55.01(a)(2) of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 55.01(a)(2). However, the record does not reflect that Olivares
presented any evidence to prove satisfaction of these requirements. (3) Therefore,
there is a complete absence of the vital facts necessary for Olivares to establish his
entitlement to expunction. See City of Keller, 168 S.W.3d at 810; see also
Williams, 76 S.W.3d at 649. Thus, we conclude that there is no evidence to
support Olivares's expunction and that the trial court erred in ordering Olivares's
records expunged. We sustain DPS's first issue.

 Having sustained DPS's first issue, we need not address DPS's second issue
regarding proper notice of the hearing. See Tex. R. App. P. 47.1. 

III. Conclusion

 Accordingly, we reverse the trial court's order and render judgment denying
the expunction. Pursuant to DPS's prayer for relief, we order any documents
surrendered to the trial court or to Olivares returned to the submitting agencies. 
See Ex parte Elliott, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that
reversal of the order of expunction applies to all respondents, even if they did not
participate in the appeal). 

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 26th day of July, 2007.
1. [1]
We note that the trial court's docket sheet entry for September 29th shows that the October 20th
expunction hearing was canceled.
2. [2]
We note that neither party explains who Mr. Gonzalez might be.
3. Moreover, we note that in order to have shown his entitlement to expunction, appellee would have had
to prove, among other things, that his DWI charge did not result in a final conviction and that the trial
court did not order community supervision for the offense. See Tex. Code Crim. Proc. Ann. art.
55.01(a)(2)(C). However, appellee does not dispute that the trial court convicted him of DWI and
ordered him to complete twelve months of probation. Thus, even if appellee had presented some
evidence as to the other statutory requirements for expunction, he would not have been able to prove
his satisfaction of article 55.01(a)(2)(C). See id.