

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00021-CV

## EX PARTE M. G.,

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26066**

## MEMORANDUM  OPINION

In this restricted appeal, appellant, the Texas Department of Public Safety ("DPS"), challenges an order of expunction entered in favor of appellee, M.G. Specifically, DPS asserts that the expunction order should be reversed because M.G. was not entitled to expunction and because no Reporter's Record was made of the expunction hearing.  We reverse and render.[1]

### I.    BACKGROUND

M.G. was arrested on March 9, 2006, and subsequently charged with driving while intoxicated.  However, this charge was dismissed because M.G. pleaded guilty to

---

[1] M.G. indicated that she does not intend to file an appellee's brief in this matter.

a re-filed charge of obstructing a highway passageway. The trial court found M.G. guilty of obstructing a highway passageway and assessed a $1,000 fine with no jail time.

On June 11, 2012, M.G. filed a petition for expunction in the 12th Judicial District Court of Walker County, Texas. In her petition, M.G. stated that she was entitled to an expunction of all records pertaining to the driving while intoxicated charge because that charge had been dismissed. DPS filed an answer opposing the expunction because M.G. was convicted of obstructing a highway passageway as a result of her March 9, 2006 arrest.

Nevertheless, on August 13, 2012, the trial court signed an order granting M.G.'s petition for expunction. No Reporter's Record was made of any hearing transpiring on that day, though we do have a Clerk's Record of all the filings in this matter. Furthermore, the record does not reflect that DPS attended or participated in the hearing that resulted in the expunction of M.G.'s records. This restricted appeal followed.[2]

## II. SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review

In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The "face of the record" includes all papers on file in the appeal and the Reporter's Record, if any. *Id.* A restricted appeal affords appellant the

___

[2] On March 13, 2013, this Court denied M.G.'s motion to dismiss DPS's appeal as untimely. We also denied M.G.'s motion to rehear our March 13, 2013 denial of her motion to dismiss. In our denial of M.G.'s motion for rehearing, we determined that DPS met all of the requirements necessary for a restricted appeal of the trial court's expunction order. *See* TEX. R. APP. P. 30.

same scope of review as an ordinary appeal—in other words, the entire case. *Id.* DPS has challenged the legal sufficiency of the evidence supporting the expunction order, which we may review in a restricted appeal. *Id.*

In conducting a legal-sufficiency review, we "view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). We will sustain a no-evidence challenge when the record shows that: (1) there is a complete absence of a vital fact; (2) the court is barred from considering the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810.

## B. Expunction Requirements

"The expunction statute was created to allow persons wrongfully charged to expunge their arrest records." *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.); *see State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist. 1991, no writ). The petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *Williams*, 76 S.W.3d at 650; *see Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply. *Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied).

Courts have no equitable power to extend the expunction statute. *Williams*, 76 S.W.3d at 650.

Pursuant to Texas Code of Criminal Procedure article 55.01(a)(2), a person who has been placed under custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
>> (A) Regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense out of the same transaction for which the person was arrested:
>>
>>> (i)    Has not been presented against the person at any time following the arrest
>
> . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2012).

In this case, to be entitled to expunction, M.G. had to establish that: (1) she had been released and the charge, if any, had not resulted in a final conviction and was no longer pending; (2) there was no court-ordered community supervision under article 42.12 for the offense; (3) an indictment or information charging her with the commission of any misdemeanor offense arising out of the same transaction for which she was arrested, if presented, was dismissed or quashed; and (4) the court found that the

indictment or information was dismissed or quashed because of mistake, false information, or some other reason indicating absence of probable cause at the time of the dismissal to believe she committed the offense. *See id.*

## C.     Application of the Law to the Facts

Based on the face of the record, we cannot say that the Clerk's Record demonstrates that M.G. satisfied her burden of proving entitlement to expunction. As stated above, M.G. was charged with driving while intoxicated based on an event transpiring on March 9, 2006. This charge was dismissed because M.G. pleaded guilty to a lesser charge—misdemeanor obstruction of a highway passageway—stemming from the same criminal transaction transpiring on March 9, 2006.[3] In fact, the Clerk's Record shows that the State requested that the trial court "dismiss the above entitled and numbered criminal action in which the Defendant is charged with the offense of DRIVING WHILE INTOXICATED, for the following reason:  PLED TO CAUSE #06-2127 [the obstruction of a highway passageway charge]." After dismissing the driving-while-intoxicated charge, the trial court subsequently found M.G. guilty of the

---

[3] The indictment for the obstruction of a highway passageway offense stated the following, which supports a finding that both the driving-while-intoxicated and obstruction-of-a-highway-passageway charges arose out of the same criminal transaction:

> COMES NOW, the Criminal District Attorney of Walker County, Texas, by and through the undersigned Assistant Criminal District Attorney on behalf of the State of Texas, and presents in and to the County Court at Law of Walker County, Texas, that in Walker County, Texas, [M.G.], hereinafter styled the defendant, heretofore on or about 9th day of March, 2006, did then and there, without legal privilege or authority, intentionally or knowingly obstruct, by rendering impassable or by rendering passage unreasonably inconvenient or hazardous, A HIGHWAY, to wit:  SH 19 NEAR MILEPOST 410, to which the public or a substantial group of the public had access, by STOP A VEHICLE IN A PARKING LOT NEAR THE TRAFFIC LANE OF THE ROADWAY.

The record does not reflect that M.G. engaged in another criminal transaction on March 9, 2006.

misdemeanor charge of obstruction of a highway passageway and assessed a $1,000 fine.

Based on the foregoing, we conclude that M.G. failed to sustain her burden of proving entitlement to expunction. *See Williams*, 76 S.W.3d at 650; *see also J.H.J.*, 274 S.W.3d at 806. Accordingly, we hold that the trial court abused its discretion when it granted M.G.'s petition for expunction. *See Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.) (noting that appellate courts review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard); *see also Ex parte Jackson*, 132 S.W.3d 713, 715 (Tex. App.—Dallas 2004, no pet.). As such, we sustain DPS's issues on appeal.

### III.    CONCLUSION

Having sustained DPS's issues on appeal, we reverse the trial court's August 13, 2012 expunction order and render an order denying M.G.'s petition for expunction.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray concurring with a note)*
Reversed and rendered
Opinion delivered and filed August 1, 2013
[CV06]

*(Chief Justice Gray concurs in the judgment to the extent it reverses the trial court's expunction order. A separate opinion will not issue.)