

NUMBER 13-13-00506-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **TEXAS DEPARTMENT OF PUBLIC SAFETY,** | **Appellant,** |
| **v.** | |
| **CYNTHIA LYNN BUNTON,** | **Appellee.** |

### On appeal from the 148th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Garza**

Appellant, the Texas Department of Public Safety ("DPS"), brings this restricted appeal from the trial court's order expunging the arrest record of appellee, Cynthia Bunton. DPS contends that the trial court's expunction order was not supported by legally sufficient evidence. We reverse and render.

## I. BACKGROUND

On March 16, 1994, Bunton was charged with theft in Nueces County. Pursuant to a plea agreement, Bunton was placed on deferred-adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West, Westlaw through 2013 3d C.S.). On June 26, 1996, after Bunton had completed her term of community supervision, the charges were dismissed. Bunton then filed a petition for expunction of her arrest record on December 20, 2012. Answers to the petition were filed by DPS and other parties.

On March 28, 2013, a hearing was held at which DPS did not appear. The trial court granted the petition for expunction. DPS contends on appeal that, although it did not participate in the hearing, its response to Bunton's petition, denying all of the allegations in the petition, compelled Bunton to provide evidence to substantiate her pleading.

DPS did not file a motion for a new trial or any other post-judgment motions. On September 23, 2013, DPS filed a restricted appeal, claiming that it is a party affected by the expunction order. *See* TEX. R. APP. P. 26.1(c) (providing that notice of restricted appeal may be filed within six months after judgment or order is signed); TEX. R. APP. P. 30.

## II. RESTRICTED APPEAL

To attack an order by restricted appeal, DPS must show: (1) it was a party who did not participate in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Bazan v. Canales*, 200

S.W.3d 844, 846–47 (Tex. App.—Corpus Christi 2006, no pet.); *see also Ex parte Rivera*, No. 13-12-00683-CV, 2013 WL 3325983, at *1 (Tex. App.—Corpus Christi June 27, 2013, no pet.) (mem. op.).

Regarding the first and second requirements, the record indicates that DPS was not present at the hearing that resulted in the expunction order, and that it filed a notice of restricted appeal within six months of the order's rendition. With regard to the third requirement, the only post-judgment motion appearing in the record was filed by the Nueces County Attorney's Office. The record does not contain any post-judgment motion filed by DPS or on its behalf. Because the first three requirements for a restricted appeal have been satisfied, we proceed to consider whether error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30*; Bazan*, 200 S.W.3d at 846–47.

### III. DISCUSSION

#### A. Standard of Review

In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *Id.* A restricted appeal affords the appellant the same scope of review as an ordinary appeal—in other words, the entire case. *Id.* DPS has challenged the legal sufficiency of the evidence supporting the expunction order, which we may review in a restricted appeal. *See id.*; *see also Ex parte Rivera*, 2013 WL 3325983, at *2.

In conducting a legal sufficiency review, we "view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and

3

disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). The evidence will be considered sufficient unless: (1) there is a complete absence of a vital fact, (2) the court is barred from considering the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810; *see Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 649 (Tex. App.—Corpus Christi 2002, no pet.).

## B.     Expunction Requirements

"The expunction statute was created to allow persons wrongfully charged to expunge their arrest records." *Williams*, 76 S.W.3d at 650 (citing *Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, no writ); *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ)). The petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *Williams*, 76 S.W.3d at 650 (citing *Butler*, 941 S.W.2d at 321*; Ex parte Scott*, 818 S.W.2d 226, 227 (Tex. App.—Corpus Christi 1991, no writ)). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply*. Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied). Courts have no equitable power to extend the expunction statute. *Williams*, 76 S.W.3d at 650.

The necessary elements required for an expunction to be granted are outlined in article 55.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West, Westlaw through 2013 3d C.S.). The code of criminal procedure states that when a petitioner such as Bunton seeks to have a record expunged once a charge

4

has been dismissed, that petitioner must show that, "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . ." *Id.* art. 55.01(a)(2). Under this provision, a petitioner must demonstrate that he or she did not receive court-ordered community supervision under Texas Code of Criminal Procedure article 42.12, which includes deferred-adjudication community supervision. *Butler*, 941 S.W.2d at 321. In *State v. Knight*, the Fourteenth Court of Appeals held that "court ordered probation" encompasses deferred-adjudication community supervision whether or not the trial court imposes explicit conditions on the petitioner. 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ). And in *Texas Department of Public Safety v. Nail*, the Third Court of Appeals noted that Texas appellate courts have uniformly held that court orders imposing deferred-adjudication probation impose "court ordered community supervision under Article 42.12" within the meaning of article 55.01(a)(2), at least when the order imposes one or more of the "conditions" under article 42.12, section 11. 305 S.W.3d 673, 681 (Tex. App.—Austin 2010, no pet.). The expunction statute was "not intended to allow a person who is arrested, pleads guilty to an offense, and receives probation after pleading guilty, to expunge his record." *Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ*); see Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); 43B GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE §§ 48.29–.30, at 277 (2d ed. 2001) (acknowledging the general "rule that one is not entitled to expunction upon successful completion of a term of deferred adjudication").

**C. Analysis**

DPS contends that the trial court erred in granting Bunton's petition for expunction because she presented no evidence to satisfy the statutory requirements for expunction—in particular, there is no evidence in the record demonstrating that Bunton did not receive community supervision. We agree.

It is well settled that the petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *Williams*, 76 S.W.3d at 650–51. Here, Bunton's petition to expunge stated that she was entitled to an expunction because the charge was dismissed after she "completed her term of community supervision authorized under Section 76.011 of the Texas Government Code" and the limitations period had expired. Elsewhere in her petition, Bunton stated "that there was court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure." Therefore, it is evident from the record that Bunton was placed on deferred-adjudication community supervision.[1]

Under these circumstances, the record conclusively establishes that Bunton received deferred-adjudication community supervision for her offense, and so we conclude that the evidence is legally insufficient to support the order of expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *City of Keller*, 168 S.W.3d at 810. The error is apparent on the face of the record; accordingly, we sustain DPS's issue. *See Tex. Dep't of Pub. Safety v. Six*, 25 S.W.3d 368, 370 (Tex. App.—Fort Worth 2000, no pet.); *see also Ex parte Rivera*, 2013 WL 3325983, at *4.

---

[1] Bunton's sole argument in response is that DPS "waived all defenses by not appearing at the time of the trial of this case and not requesting a timely hearing on the Motion For New Trial which resulted in overruling of the Motion as a matter of law." We disagree. Under the rules governing restricted appeals, DPS need only show the elements listed above. *See supra* section II.

6

## IV. CONCLUSION

We reverse the trial court's order and render judgment denying the petition for expunction. Pursuant to DPS's prayer for relief, we order any documents surrendered to the trial court or to Bunton returned to the submitting agencies. *See Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi, 2007, no pet.)*; see also Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the order of expunction applies to all respondents, even if they did not participate in the appeal).

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
26th day of June, 2014.