

# NUMBER 13-16-00591-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE VICTORIA DURAN GAYTAN N/K/A VICTORIA GAYTAN

### On appeal from the 107th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides**
**Memorandum Opinion by Justice Rodriguez**

The trial court granted expunction of criminal records for appellee Victoria Duran Gaytan n/k/a Victoria Gaytan. This restricted appeal was filed by appellant, the Texas Department of Public Safety (DPS). By two issues, DPS argues that the trial court misinterpreted the expunction statute and that the evidence is insufficient to support the expunction. We reverse and remand.

# I.     BACKGROUND

In 2016, Gaytan filed her petition for expunction.  Gaytan alleged that she had previously been arrested for three offenses in Cameron County—from 2003, 2005, and 2010, respectively—each of which she sought to have expunged.

The most recent arrest was for DWI on January 1, 2010, which is the subject of this appeal.  Gaytan alleged that she was entitled to expunction of all records related to her 2010 arrest because the arrest did not result in a conviction or community supervision, and because she satisfied other statutory conditions which are not in dispute.

DPS filed an answer and general denial.  DPS asserted that Gaytan was not eligible for expunction because the 2010 arrest *had* in fact resulted in a conviction for deadly conduct:   the initial charge of DWI was dismissed and Gaytan was recharged with deadly conduct; Gaytan pleaded guilty and received community supervision.   DPS also attached various documents to its answer, including a signed "Judgment on Plea of Guilty" for the deadly conduct offense.   Accordingly, DPS contended that Gaytan did not satisfy the statutory criteria for expunction.

On April 28, 2016, the trial court held a hearing on Gaytan's petition for expunction, at which Gaytan and the Cameron County District Attorney appeared.  DPS did not appear.   The hearing was exactly sixty-nine words long:

| | |
|---|---|
| Counsel for Gaytan: | May I approach, Judge?   It's an agreed order of expunction.   We'll rest on the petition, if there is no objection. |
| The State: | . . . We would stipulate as to the facts laid out in the verified petition for expunction, Judge.   We have no objections. |

2

| The Court: | All right. If that's the case, I'll go ahead and grant the expunction. |
|---|---|
| Counsel for Gaytan: | May we be excused, Judge? |
| The Court: | You're excused. |

On the same day, the trial court entered an agreed order of expunction for all three offenses. DPS filed this restricted appeal on October 28, 2016, but only as to Gaytan's 2010 arrest for DWI.

## II. RESTRICTED APPEAL

### A. The First Three Requirements of a Restricted Appeal

As a preliminary matter, DPS contends that it satisfied the first three requirements of a restricted appeal: (1) it timely filed this restricted appeal, (2) it was a party to the underlying expunction action, and (3) it did not participate in the proceedings below or file any post-trial motions. We agree.

An appellant must establish four elements to succeed in a restricted appeal: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). We liberally construe the non-participation requirement in favor of the right to appeal. *Id.*

As to the first requirement of a restricted appeal, DPS filed its notice of appeal within six months of the date that the trial court signed the judgment: the trial court

3

signed the judgment on April 28, 2016, and DPS filed its notice of appeal on October 28, 2016. *See id.*

Second, DPS is a proper party to this suit. *See id.* Gaytan listed DPS as an entity potentially having records that she sought expunged, and DPS was made subject to the expunction order, which provided DPS the right to appeal the court's judgment "in the same manner as in other civil cases." *See Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi 2016, no pet.).

As to the third requirement, a review of the record confirms that DPS did not file any post-judgment motions or requests for findings of fact and conclusions of law. *See Pike-Grant*, 447 S.W.3d at 886. And, liberally construing the non-participation requirement in favor of the right to appeal, we conclude that DPS did not "participate" in the hearing that resulted in the complained-of judgment. *See id.* Even though DPS "filed an answer in response to [appellee's] petition, it did not participate in the hearing on his petition that resulted in the expunction order." *See Vega*, 510 S.W.3d at 548. "Filing an answer . . . is not participation" for purposes of a restricted appeal. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). Further, although the DA did not object to the expunction, stipulated to the facts alleged by Gaytan, and with Gaytan proposed an agreed order of expunction, there is no indication in the record that the DA represented the DPS for purposes of the expunction proceeding.[1]

---

[1] An entity described in the expunction statute "*may* be represented by the attorney responsible for providing the entity with legal representation in other matters." *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c-1) (West, Westlaw through 2017 1st C.S.) (emphasis added). Under this provision, the DA does not automatically represent the DPS in an expunction proceeding. *See, e.g.*, *Tex. Dep't of Pub. Safety v. Smith*, 533 S.W.3d 488, 496 (Tex. App.—Corpus Christi May 4, 2017, no pet.); *Tex. Dep't of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 616 (Tex. App.—El Paso 2016, no pet.); *Tex. Dep't of Pub. Safety v. Deck*, 954

With the first three requirements satisfied, we turn to the fourth requirement: whether error appears on the face of the record. *See Pike-Grant*, 447 S.W.3d at 886.

## B. The Fourth Requirement: Error on the Face of the Record

By its first and second issues, DPS argues that error is apparent on the face of the record because the trial court misinterpreted the expunction statute and because the expunction is not supported by legally sufficient evidence.

### 1. Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Vega*, 510 S.W.3d at 548. To the extent the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo. *Id.* A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

Because this is a restricted appeal, our review is limited to the face of the record. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see also Tex. Dep't of Pub. Safety v. Salazar*, No. 13-12-00771-CV, 2013 WL 4399185,

---

S.W.2d 108 (Tex. App.—San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ). Our decision in *Texas Department of Public Safety v. Espinoza* is distinguishable from these cases. *See* No. 13-08-00393-CV, 2009 WL 2545884, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). In *Espinoza*, the issue was not briefed or raised by the parties and it is not clear from the record whether there was an agreement regarding representation between the DA and DPS. *See id.* In this regard, agreements or putative agreements regarding representation of the DPS by the DA are handled on a case-by-case basis given the discretionary nature of the statute and the differing factual scenarios that might be presented. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c-1).

5

at *2 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.) (mem. op.). The requirement that error be apparent on the face of the record means that "error that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431. With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Vega*, 510 S.W.3d at 547.

### 2. Eligibility for Expunction

In support of the fourth requirement for its restricted appeal—error on the face of the record—DPS challenges the expunction on its merits. In two issues, DPS argues that the trial court granted expunction based on an erroneous interpretation of the expunction statute and because the expunction was not supported by legally sufficient evidence.

Expunction is civil in nature, though the expunction statute is codified in the Texas Code of Criminal Procedure. *Id.* at 548. Upon fulfillment of certain statutory requirements, all criminal records arising from an arrest must be expunged. *Id.* To establish her right to expunction under the statutory article at issue here, the petitioner must prove that: (1) she has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; (4) there was no court-ordered community supervision; and (5) other statutory requirements which are not at issue in this case. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West, Westlaw through 2017 1st C.S.). Expunction is only available when all the statutory conditions have been met, which the petitioner has the burden of proving. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.). Courts have no equitable power to extend the expunction statute. *Id.* And because expunction is not a right but

6

a statutory privilege, each of the statutory conditions for expunction is mandatory and exclusive. *Vega*, 510 S.W.3d at 548.

The signed "Judgment on Plea of Guilty" shows that Gaytan's 2010 arrest for DWI resulted in community supervision for the offense of deadly conduct. Accordingly, Gaytan did not satisfy the requirement that "there was no court-ordered community supervision under Chapter 42A for the offense." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). Because Gaytan did not meet all statutory conditions for expunction, *see Williams*, 76 S.W.3d at 650, the trial court abused its discretion in expunging records stemming from Gaytan's arrest. *See Vega*, 510 S.W.3d at 548.

The DPS has satisfied all four requirements of its restricted appeal. *See Pike-Grant*, 447 S.W.3d at 886. We therefore sustain the DPS's first issue, and having done so, need not address its second issue. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the trial court's order of expunction and remand for entry of a corrected order denying Gaytan's petition for expunction as to her 2010 arrest.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of June, 2018.

7