**IN THE
TENTH COURT OF APPEALS**



No. 10-17-00123-CV

EX PARTE D.D.G.

**From the 361st District Court
Brazos County, Texas
Trial Court No. 16-002663-CV-361**

## MEMORANDUM OPINION

D.D.G. appeals the trial court's denial of his petition for expunction. Because

D.D.G. was not entitled to expunction, the trial court's judgment is affirmed.[1]

### Background

The material facts are not in dispute. D.D.G. was arrested on August 8, 2007 by

the Bryan Police Department for possession of a firearm by a felon, unlawfully carrying

a weapon, and possession of less than one gram of methamphetamine. D.D.G. was

indicted in federal court for felon in possession of a firearm and ammunition in Cause

---

[1] D.D.G. contends that he filed three motions to have three separate arrests expunged and that the state court assigned each the same cause number—16-002663-CV-361. There is no support in the record for this assertion. The only arrest before us is the one from August 8, 2007, and we do not address any claims related to D.D.G.'s other arrests.

Number H-08-0107 in the Southern District of Texas, Houston Division. The federal indictment is not included in the record, but apparently arose out of D.D.G.'s August 8, 2007 arrest. D.D.G.'s attorney in the federal case filed a motion to suppress the evidence recovered after a search of D.D.G.'s automobile, which was granted. The federal court dismissed the indictment with prejudice, allegedly as a result of the ruling on D.D.G.'s motion to suppress. An F.B.I. print-out provided by D.D.G. indicates that the other charges against D.D.G. were dismissed, but no further explanation is provided.[2] The trial court denied D.D.G.'s petition for expunction without a hearing and did not issue findings of fact and conclusions of law.

D.D.G. raises two issues in his appeal: (1) the trial court abused its discretion in denying D.D.G.'s motion for expunction; and (2) D.D.G. was denied due process because he was not permitted to appear at a hearing on his petition.[3]

### Standard of Review

We review a trial court's ruling on a petition for expunction for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). A trial court abuses its discretion if it renders a decision that is arbitrary, unreasonable, and "without reference to any guiding rules and principles." *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—

---

[2] In his original petition, D.D.G. refers to a number of exhibits. None of the exhibits are attached to the petition. The exhibits were presented in a subsequent petition sent in by D.D.G. along with a letter requesting the status of his case.

[3] We granted D.D.G. leave to file a reply brief, but no reply brief was ever filed.

Houston [14th Dist.] 2008, no pet.). In deciding whether the trial court abused its discretion, we consider whether the ruling is supported by the evidence. *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied). "Where, as here, the trial court makes no separate findings of fact, we will draw every reasonable inference that is supported by the record in favor of the trial court's judgment." *J.H.J.*, 274 S.W.3d at 806. If the trial court's decision is based on a question of law, it is subject to *de novo* review. *T.S.N.*, 547 S.W.3d at 620.

## *Discussion*

A. Expunction. "The expunction statute was created to allow persons wrongfully charged to expunge their arrest records." *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.). The right to expunction is neither a constitutional nor a common-law right, but rather a statutory privilege. *J.H.J.*, 274 S.W.3d at 806. An expunction cannot be granted unless the statutory requirements are satisfied. *Perdue v. Tex. Dep't of Pub. Safety*, 32 S.W.3d 333, 335 (Tex. App.—San Antonio 2000, no pet.). The trial court must strictly comply with the statutory requirements and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Harris Cty. Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 798 (Tex. App.—Houston [14th Dist.] 1993, no writ). The petitioner has the burden of proving that all statutory requirements have been met and proved in order to be entitled to expunction. *Williams*, 76 S.W.3d at 650; *J.H.J.*, 274 S.W.3d at 806.

D.D.G. asserts that his arrest should be expunged under article 55.01(a)(2)(B) because the charges against him were dismissed and prosecution for those offenses is no longer possible because the pertinent limitations periods have expired. Other sections of article 55.01 apply equally to D.D.G.'s situation. Article 55.01 provides, in pertinent part,:

> (a)    A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> . . .
>
> (A)    regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>
> . . .
>
> (ii)    if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:
>
> . . .
>
> (c)    the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; or
>
> . . .

(B)     prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2018).[4]

D.D.G. asserts that the federal indictment against him was dismissed because his motion to suppress was granted, and the court found there was no probable cause to support the charges. However, this is not supported by the record. D.D.G. does not provide a copy of the federal court's ruling on his motion to suppress, and the dismissal order merely reflects that the indictment was dismissed with prejudice. Even if the indictment was dismissed as a result of the suppression ruling, it would still not provide a basis for relief under article 55.01. Despite D.D.G.'s assertion to the contrary, his motion to suppress was based upon a lack of probable cause to search D.D.G.'s automobile, not a lack of probable cause to believe he committed the offenses for which he was arrested.

D.D.G. fails to establish how and why the charges related to unlawfully carrying a weapon and possession of a controlled substance were dismissed. The motion to dismiss filed by the prosecutor in State Cause Number 07-06431-CRF requests that the case be dismissed because D.D.G. was then under federal indictment. D.D.G. did not provide a copy of the federal indictment, so it is unclear whether all three of his state charges were included in that indictment.[5] Additionally, D.D.G. supports his claims with

---

[4] Article 55.01 was amended effective September 1, 2017, but the amendments do not affect the outcome of this case.

[5] The motion to suppress, included as an exhibit to the second petition, notes that D.D.G. was indicted for felon in possession of a firearm and ammunition, which suggests that only the felon in possession charge was included in the federal indictment but is not definitive.

an uncertified F.B.I. print-out that clearly notes there may be other charges against a defendant that are not included.

D.D.G. fails to establish that all of the statutory requirements are satisfied, and, based upon the record before us, we determine that the trial court did not abuse its discretion in denying D.D.G.'s petition for expunction. D.D.G.'s first issue is overruled.

B. Due Process. In his second issue, D.D.G. asserts that he was denied due process because the trial court failed to bench warrant him to appear at a hearing on his petition for expunction. The trial court is not required to hold an oral hearing on an expunction petition if the record is sufficient to resolve the issue raised in the petition. *G.B.E.*, 459 S.W.3d at 624. There is also no support in the record before us that an oral hearing was conducted. We conclude there was no violation of D.D.G.'s due process rights. D.D.G.'s second issue is overruled.

Having overruled both of D.D.G.'s issues on appeal, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,*
      Justice Davis, and
      Justice Scoggins[6]
(*Chief Justice Gray dissents)
Judgment affirmed
Opinion delivered and filed February 27, 2019
[CV06]



---

[6] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. See Tex. Gov't Code Ann., §§ 74.003, 75.002, 75.003.